IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMKO ZILKIC,<br><br>        Plaintiff,<br><br>   v.<br><br>U.S. CITIZENSHIP IMMIGRATION SERVICE,<br><br>        Defendant.<br>_____/ | No. C-08-04781  EDL<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Emko Zilkic ("Plaintiff"), appearing *pro se*, contends that his application for United States citizenship was unfairly denied. Plaintiff provided a letter from his doctor to demonstrate that he is unable to complete the requisite naturalization requirements due to his medical conditions. *See* Declaration of Ila C. Deiss (Deiss Decl.), Exh. C. However, the United States Citizenship and Immigration Services ("USCIS" or "Defendant") determined that this doctor's letter did not satisfactorily show that Plaintiff was exempt from the English language requirement. Plaintiff seeks judicial review of the Plaintiff's denial of naturalization as permitted under 8 U.S.C. § 1421(c). Defendant now moves for summary judgment on the basis that Plaintiff's application for naturalization was properly denied. Plaintiff did not oppose that motion. At the hearing, Plaintiff appeared with Refik Sakonoric, a friend and an unofficial interpreter, without objection by Defendant. The Court relied on the papers for its decisions.

**I.     UNDISPUTED FACTS**

Briefly, the relevant facts are as follows. In 2007, Plaintiff filed an application for naturalization. *See* Deiss Decl., Exh. C. At his interviews and hearings before USCIC, Plaintiff failed to speak and understand English sufficiently to pass the requisite naturalization examination. *See* Deiss Decl., Exh. B. On January 9, 2008, Plaintiff's application for naturalization was denied.

*Id.* Plaintiff appealed that decision. At Plaintiff's review hearing, he submitted a Form N-648 Medical Certification for Disability Exceptions and a letter from Doctor Montandon. *See* Deiss Decl., Exh. A. The letter listed Plaintiff's psychiatric diagnoses which included major depression, recurrent and severe, panic disorder without agoraphobia, and posttraumatic stress disorder. *Id*. Doctor Montandon listed a number of symptoms affecting Plaintiff and concluded that due to Plaintiff's "severe psychiatric symptoms," the Plaintiff "is unable to learn new material including a new language, or U.S. history or civics." *Id.* On June 17, 2008, USCIS issued a decision and found that plaintiff had not "sufficiently overcome the reasons" for the denial of Plaintiff's application for naturalization. *See* Deiss Decl., Exh. B. This decision is without prejudice to Plaintiff filing a new application for naturalization. *Id.*

## II.   LEGAL STANDARDS

### A.   Summary Judgment

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). Material facts are those which may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Id. If the moving party meets its initial burden, the opposing party must

1 then set forth specific facts showing that there is some genuine issue for trial in order to defeat the
2 motion. See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 250.

### B. Naturalization

In order to naturalize, an individual must "demonstrate an understanding of the English language, including an ability to read, write, and speak words in ordinary usage in the English language." 8 C.F.R. § 312.1(a); 8 U.S.C. §1423(a)(1). In addition, a person who is seeking naturalization must also demonstrate a "knowledge and understanding of the fundamentals of the history, and of the principles and form of government, of the United States." 8 C.F.R. § 312.2(a). Exceptions to these requirements are provided in 8 C.F.R. §§ 312.1(b)(3) and 312.2(b)(1), which state that a person can be exempt if they are unable to meet these requirements "because of a medically determinable physical or mental impairment or combination of impairments which has lasted or is expected to last at least 12 months" and has impeded the individual's ability to understand the English language and understand the above historic fundamentals and principles.

These exceptions require that individuals seeking an exemption to the requirements of 8 C.F.R. §§ 312.1(a) or 312.2(a) submit a Form N-648, Medical Certification for Disability Exceptions, which shall be completed by a medical professional licensed in the United States. *See* 8 C.F.R. § 312(b)(2). The medical professional must provide: "[(1)] a clinical diagnosis and description of the applicant's impairment(s) . . . ; [(2)] an explanation for the connection between the impairment(s) and the applicant's inability to learn and/or demonstrate knowledge of English and/or civics . . . ; and [(3)] a professional certified opinion whether the applicant is unable to learn and/or demonstrate knowledge of English and/or civics." *See* Deiss Decl., Exh. D (Instructions for Form N-648). In particular, form N-648 requires that the doctor provide "detailed information on the connection between the impairment(s) and the applicant's inability to learn . . . ." *See id.* The applicant has the burden of demonstrating "to the satisfaction of the service how the disability prevents the applicant from learning the information required by section 312 of the Act." *See* 62 Fed. Reg. 12915 at 12917.

### C. Review Under 8 U.S.C. § 1421(c)

Under 8 U.S.C. § 1421(c) and 8 C.F.R. § 336.9(b), a person whose application for

3

1 naturalization is denied after a hearing before an immigration officer may seek review of the denial
2 in the United States District Court for the district in which the person resides. "The review will be de
3 novo, and the court will make its own findings of fact and conclusions of law."  8 C.F.R. § 336.9(c).
4 At the request of the petitioner, the Court shall conduct a hearing de novo on the application.  8
5 U.S.C. § 1421.  The Court's review is governed by the Administrative Procedure Act ("APA"), 5
6 U.S.C. § 701 et seq.  *See* 8 U.S.C. § 1421(c) (stating the hearing shall be "in accordance with
7 chapter 7 of Title 5.").

### III.     MOTION FOR SUMMARY JUDGMENT

Under 8 C.F.R. § 336.9(b), an individual must file a petition for review to challenge a denial of naturalization "no more than 120 days after the Service's final determination."  Plaintiff's complaint was filed a mere two days outside of the 120-day period.   Moreover, the regulatory deadline may be invalid.  *See, e.g., Nagahi v. INS*, 219 F.3d 1166, 1169 (10th Cir. 2000) (holding 8 CFR 336.9(b) exceeded the authority delegated to the agency by Congress).  The Court, therefore, will not grant summary judgment on the basis that Plaintiff's complaint is untimely.

Turning to the merits, while Plaintiff submitted a Form N-648 along with a doctor's note in order to request an exemption from the English and U.S. history requirements for naturalization, the material submitted was insufficient to exempt Plaintiff from the requirements under 8 C.F.R. §§ 312.1(a) and 312.2(a).  While Plaintiff's doctor provided a considerable amount of information, he did not provide all the required information, and Plaintiff's application was properly denied.  For example, the Doctor did not identify the origin, nature and extent of the medical condition as it is connected to the disability, *see* 8 C.F.R. § 312.2(b)(2), or explain how he diagnosed the impairments or cite the medically acceptable clinical or tests which assisted him in reaching the diagnoses.  *See* 8 C.F.R. § 312.1(b)(3).  He also did not include sufficient detail on the connection between the impairment and Plaintiff's ability to learn or demonstrate knowledge of English and U.S. history.

At the hearing, the Court explained to Plaintiff that he may very well meet the exemptions' requirements, but that Plaintiff should provide more detailed information from his doctor when he files his next request for naturalization.  The Court suggested that Plaintiff provide his doctor with the government's brief in order to explain the level of detail required by Form N-648.  The

4

government also stated its willingness and intention to call Plaintiff's doctor to explain the requirements, which apparently may now be even more detailed than they were previously.

**IV.     CONCLUSION**

For the reasons stated above, summary judgment is granted in favor of Defendant.  This order terminates the case and any pending motions.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   April 14, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

5